UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **IMPERIAL HEALTH, LLP**<br>Plaintiff | CIVIL CASE NO. _____ |
| versus | JUDGE JAMES CAIN |
| **ZURICH AMERICAN INSURANCE COMPANY**<br>Defendant | MAGISTRATE JUDGE KAY |

## ORIGINAL COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff Imperial Health, LLP (hereinafter "Plaintiff"), who respectfully represents as follows:

**Parties**

1.

The parties herein are:

Plaintiff Imperial Health, LLP is a Louisiana limited liability partnership whose members are all citizens of Louisiana; and

Made defendant herein is **ZURICH AMERICAN INSURANCE COMPANY**, a foreign insurance corporation authorized to do and doing business in the State of Louisiana that can be served through the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

**Jurisdiction and Venue**

2.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332, as this is a controversy between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

1

## Factual Background

3.

Plaintiff was insured under an insurance policy issued by Defendant Zurich American Insurance Company (hereinafter "Zurich") bearing Policy No. MLP0118052-05 (hereinafter "the Policy"), which was in full force and effect on August 27, 2020. The Policy provided coverage for, among other things, gross earnings loss and extra expenses resulting from a covered loss at the covered properties. The covered properties are listed in the attached Statement of Value.

4.

Where used herein, Zurich refers to not only the named entity but to anyone acting for or on behalf of Zurich in relation to the claims of Plaintiff, including the employees, contractors, and agents of Zurich or anyone providing services to Zurich relating to the claims of Plaintiff.

5.

Hurricane Laura struck the Gulf Coast from August 26-28, 2020, making landfall around 1:00 A.M. on August 27 near Cameron, Louisiana as a strong Category 4 hurricane. Hurricane and tropical storm force winds thrashed the surrounding areas, including the location of the insured properties, for several hours. Shortly thereafter on October 9, 2020, Hurricane Delta made landfall as a Category 2 hurricane with strong winds and torrential rains in the location of the insured properties.

6.

The properties of Plaintiff insured under the Policy were damaged as a result of winds associated with Hurricane Laura.

7.

Because of the damage to the property and the actions of civil authority preventing Plaintiff from operating, Plaintiff was unable to operate its business from August 25, 2020 until Monday September 21, 2020.

8.

Specifically, on August 25, 2020, the Calcasieu Parish Police Jury entered a mandatory evacuation order for all of Calcasieu Parish. In response to that order, Plaintiff ceased business operations on August 25, 2020. The Parish order remained in effect until September 11, 2020.

9.

On September 4, 2020, the City of Lake Charles also entered an order requiring that "all businesses that are not essential to the recovery effort…[to] remain closed until they have electricity, water and sewer service and are otherwise safe to occupy." The business closure order was extended on September 11, 2020, despite the lifting of the Mandatory Evacuation Order.

10.

Hurricane Laura made landfall during the early morning hours of August 27, 2020, causing extensive damage to the property of Plaintiff and the surrounding areas.

11.

The Calcasieu Parish Police Jury again issued a mandatory evacuation order for Hurricane Delta on October 7, 2020, which remained in place in anticipation of and a result of damage from Hurricane Delta until October 13, 2020.

12.

As a result of the Mandatory Evacuation Order and subsequent business closure orders, Plaintiffs were unable to access or operate their business from August 25, 2020, through at least September 21, 2020, and again from October 7 through October 13, 2020.

13.

Plaintiff provided proof of its business loss to Zurich, as required by the Policy, including financial support for lost gross earnings and extra expenses.

**Claim for Breach of Contract**

14.

Zurich still owes Plaintiff the full amount of the covered loss for Plaintiff's lost gross earnings and expenses, as well as other losses covered under the Policy, and failed to unconditionally tender the amounts owed and/or failed to pay those amounts timely.

15.

Zurich is in breach of its obligations to Plaintiff under the insurance policy by its failure to timely pay the amounts owed under the policy and shown in Plaintiff's satisfactory proof of loss.

**Claims for Bad Faith**

16.

Louisiana Revised Statute 22:1892 obligates an insurer, such as Zurich, to pay the amount due any insured within 30-days after satisfactory proof of loss and states that failure to make such payment subjects the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount due from the insurer to the insured, as well as reasonable attorney fees and costs.

17.

Louisiana Revised Statute 22:1973 imposes on insurers in first party claims a duty of good faith and fair dealing which includes an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with insureds. Section 1973 requires payment of any claim due an insured within 60-days of proof of loss. Any insurer who breaches the obligations imposed by Section 1973 is liable for damages sustained as a result of the breach as well as a penalty of up to two-times the damages sustained.

18.

Louisiana law requires that an insurer unconditionally tender the amounts due an insured in order to satisfy its payment obligations under the above-referenced statutes.

19.

Zurich has failed to pay all of the amounts owed to Plaintiff and failed to pay the amounts that were tendered in a timely manner.

20.

As a result of Zurich's failure to timely pay the amounts owed, Plaintiff has suffered and continues to suffer from financial losses including lost time and expense associated with calculating the loss, lost business opportunity, lost business good will, and mental anguish.

21.

Zurich is and continues to be in bad faith under both Louisiana Revised Statute 22:1892 and 22:1973 and is liable unto Plaintiff for damages, statutory penalties, attorneys' fees, interest and costs.

WHEREFORE, after due proceedings hereon, Plaintiff Imperial Health, LLP prays for judgment in its favor against Zurich American Insurance Company finding Defendant in breach

of both the insurance policy and its statutory obligations and therefore liable unto Plaintiff for all amounts owed under the terms of the policy, as well as statutory penalties, damages, attorneys' fees, interest and costs.

>RESPECTFULLY SUBMITTED
>
>**COX, COX, FILO, CAMEL & WILSON, LLC**
>
>s/ Somer G. Brown
>**MICHAEL K. COX (#22026)**
>**SOMER G. BROWN (#31462)**
>723 BROAD STREET
>LAKE CHARLES, LA 70601
>(337) 436-6611 (PH)
>(337) 436-9541 (FAX)
>
>*Attorneys for Imperial Health, LLP*